Jeff W. Poole, Esq. (SBN 291783)
    jpoole@hamricklaw.com
**HAMRICK & EVANS, LLP**
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone: (818) 763-5292
Facsimile: (818) 763-2308

Attorneys for Defendants
The Dinardo Law Firm P.C. and Joseph Dinardo

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RUIGOMEZ, KATHLEEN RUIGOMEZ AND JAMIE RUIGOMEZ, <br><br> Plaintiffs, <br><br> v. <br><br><br> THE DINARDO LAW FIRM, P.C., JOSEPH DINARDO AND DOES 1-20, <br><br> Defendants. | USDC Case No.: 2:22-cv-8513 <br><br> Los Angeles Superior Court Case No.: 22STCV32203 <br><br> **NOTICE OF REMOVAL** |

Defendants The Dinardo Law Firm, P.C., and Joseph Dinardo (collectively "Defendants"), by filing this Notice of Removal and related papers, hereby remove the above-entitled action from the Superior Court of Los Angeles County, in the State of California, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In support of the Notice of Removal, Defendants assert the following:

1.      On October 27, 2022, counsel for Defendants The DiNardo Law Firm, P.C. and Joseph DiNardo (collectively "Defendants") agreed to accept service of the

HAMRICK & EVANS, LLP

Complaint related to an action filed in the Superior Court of Los Angeles County, in the State of California.

2.     The above-referenced Complaint was filed on September 30, 2022.

3.     In the Complaint, Plaintiffs Joseph, Kathleen, and Jamie Ruigomez (collectively "Plaintiffs") allege that they are residents of San Mateo County, California. *See* Complaint, at ¶¶1-2.

4.     Defendant The DiNardo Law Firm, P.C., is a New York State corporation with its principal place of business in New York State. *See id.* at ¶4.

5.     Defendant Joseph DiNardo is a resident of Buffalo, New York, New York. *See id.* at ¶4.

6.     Plaintiffs' Complaint seeks damages in the amount of $6,325,000 and thus, alleges an amount in controversy far greater than the statutory jurisdictional amount of $75,000. As such, the entire suit is removable under 28 U.S.C. § 1441.

7.     Defendant desires to exercise its right to remove the state court action under 28 U.S.C. §§ 1441(a) and (b) which provide in pertinent part:

> (a) Generally – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> (b) Removal Based on Diversity of Citizenship –

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not

1

2

> be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3

4

7.     Given the allegations in the Complaint, pursuant to 28 U.S.C. § 1332,

5

this Court has original jurisdiction over the allegations in the Complaint.

6

16.     Thus, the state court action may be removed to this Court by Defendants

7

in accordance with the provisions of 28 U.S.C. §§ 1441(a) and (b) because this is a

8

civil action pending within the original jurisdiction of the United States District

9

Courts, the parties are of completely diverse citizenship, and the citizenship of

10

defendants sued under fictitious names are irrelevant for purposes of removal.

11

17.     Notice of removal is being filed within 30 days after service of the

12

Complaint upon Defendants and is thus timely pursuant to 28 U.S.C. § 1446(b).

13

18.     Pursuant to 28 U.S.C. § 1441(a), venue is proper because Los Angeles

14

County lies within the Central District of California.

15

19.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint

16

served upon Defendants in the state court action is attached hereto as **Exhibit A**.

17

20.     A civil cover sheet is attached hereto as **Exhibit B**.

18

21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

19

contemporaneously being filed with the Superior Court of Los Angeles County and

20

served upon Plaintiffs.  By serving a copy of this Notice of Removal upon Plaintiffs,

21

Defendants are giving Plaintiff proper notice of this removal.

22

22.     Defendants reserve the right to amend or supplement this Notice of

23

Removal and further reserve the right to raise all defense and objections.

24

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants

25

remove this action in its entirety from the Superior Court of the State of California,

26

County of Los Angeles to the United States District Court for the Central District of

27

California.

28

HAMRICK & EVANS, LLP

**NOTICE OF REMOVAL**

1

DATED:  November 21, 2022            **HAMRICK & EVANS, LLP**

2

3

By:_____/s/__*Jeff Poole*_____
JEFF POOLE
Attorneys for Defendants,
The Dinardo Law Firm P.C. and Joseph
Dinardo

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/03/2022 03:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

Case 2:22-cv-08513-GW-MRW   Document 1   Filed 11/21/22   Page 6 of 25   Page ID #:6

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The Dinardo Law Firm, P.C., a New York Corporation; Joseph Dinardo, an individual; and Does
1-20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Joseph Ruigomez, an individual; Kathleen Ruigomez, an individual, Jamie Ruigomez, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>22STCV32203 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fredman Lieberman Pearl LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067, (310) 284-7350

| DATE: 10/03/2022<br>*(Fecha)* Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* S. Bolden | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [x] on behalf of *(specify)*: The Dinardo Law Firm, P.C., a New York Corporation

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
           [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 09/30/2022 04:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:22-cv-08513-GW-MRW   Document 1-3   Filed 11/21/22   Page 7 of 25   Page ID #:7
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maurice Leiter

1    MARC A. LIEBERMAN (SBN 157318)
     marc.lieberman@flpllp.com
2    ALAN W. FORSLEY (SBN 180958)
     alan.forsley@flpllp.com
3    **FREDMAN LIEBERMAN PEARL LLP**
4    1875 Century Park East, Suite 2230
     Los Angeles, California 90067
5    Telephone: (310) 284-7350
     Facsimile: (310) 432-5999
6

7    Attorneys for Plaintiffs

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **COUNTY OF LOS ANGELES**

| | |
|---|---|
| JOSEPH RUIGOMEZ, an individual; KATHLEEN RUIGOMEZ, an individual, JAMIE RUIGOMEZ, an indvidual, | Case No. 22STCV32203 |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | 1.    Conversion; |
| THE DINARDO LAW FIRM, P.C., a New York Corporation; JOSEPH DINARDO, an individual; and DOES 1-20 inclusive, | 2.    Receipt of Stolen Property; |
| | 3.    Aiding and Abetting; |
| Defendants. | 4.    Unfair Business Practices; and |
| | 5.    Unjust Enrichment. |

       Through this complaint plaintiffs Joseph Ruigomez, Kathleen Ruigomez, and Jamie Ruigomez ("**Plaintiffs**") seek to recover $6,325,000 of Plaintiffs' settlement monies that, on information and belief, defendants converted and or stole from Plaintiffs' settlement monies, that were in the Girardi Keese Law Firm client trust account, after the Dinardi Law Firm P.C. ("**Dinardi Law Firm**") received two Girardi Keese client trust account checks of $5,825,000 and $500,000.

///

**PARTIES**

1.      Plaintiff Joseph Ruigomez ("**Joseph**")[1] is, and at all relevant times was, an individual residing in San Mateo County, California.

2.      Plaintiff Kathleen Ruigomez ("**Kathleen**") is, and at all relevant times was, an individual residing in San Mateo County, California.

3.      Plaintiff Jamie Ruigomez ("**Jamie**") is, and at all relevant times was, an individual residing in San Mateo County, California.

4.      The Dinardo Law Firm is, and at all relevant times was, a New York corporation.

5.      Joseph Dinardo ("**Dinardo**"), an individual, is, and at all relevant times was, a New York attorney residing in Buffalo New York.  Dinardo is also the principal of The Dinardo Law Firm.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by their fictitious names.  Plaintiffs are informed and believe that each of the Defendants designated herein as a fictitiously named Defendant is in some manner responsible for the events and happenings herein referred and caused damage to Plaintiffs as herein alleged.  When Plaintiffs ascertain the true names and capacities of DOES 1 through 10, inclusive, they will ask leave of this Court to amend this Complaint by setting forth the same.

7.      Plaintiffs are informed and believe that at all times herein mentioned defendant Dinardo was the agent, principal and employee of the Dinardo Law Firm and in doing the things hereinafter alleged, was acting within the course and scope of such agency.

///

///

---

[1] First names are used because each of the Plaintiffs has the same first name.  No disrespect is intended.

## VENUE

8.      Venue over this action is proper in this county because The Dinardo Law Firm and Dinardo did business in Los Angeles County, the Girardi Keese Law Firm ("**GK**") did business in Los Angeles County, and the $6,325,000 defendants stole and converted was from the GK client trust account which was located in Los Angeles County.

9.      Court has jurisdiction and venue because most of the acts occurred in Los Angeles County, California.

## FACTUAL ALLEGATIONS

### A. Plaintiffs retain GK to represent them in a personal injury action.

10.      On September 9, 2010, Joseph was severely burned at the Ruigomezes' San Bruno, California home as a result of the Pacific Gas and Electric corporation ("**PG&E**") natural gas pipeline explosion.  Joseph was left in a coma, his girl friend was killed, and Jamie and Kathleen and were traumatized.

11.      On October 1, 2010, Plaintiffs retained GK to represent them in a personal injury action against PG&E and GK agreed its contingency fee "will be Twenty-Five (25%) of the total recovery after costs...."

12.      Plaintiffs' case at Girardi Keese was handled by attorneys Thomas Girardi ("**Girardi**") and Robert Finnerty ("**Finnerty**"), but Finnerty mostly communicated with Plaintiffs.

13.      In a June 22, 2012 letter to Plaintiffs, Finnerty limited Plaintiffs communications to Finnerty, Jim O'Callahan and Kimberly Archie by stating "[w]ould you do us a favor and if you have any questions, concerns or inquiries about your case please direct those to me Jim or Tom only," and "of course you can talk to Kim."  Girardi and Finnerty did this to make it more likely they could conceal the amount of the expected settlement from Plaintiffs and where those funds would be transferred to.

///

///

**B. Plaintiffs attend mediation and the case is settled.**

14.     On January 10, 2013, PG&E and Plaintiffs attended a mediation conducted by Judge Panelli with Finnerty and Girardi.  At the mediation, Girardi said the case settled but he and Finnerty did not tell Plaintiffs how much the case settled for, how much they were to receive, and when they were to receive the monies.

15.     Girardi only stated that GK would hold the settlement monies in trust, with Girardi and Kathleen as trustees of the trust, while GK was determining the amount of medical liens.  Girardi further stated that Plaintiffs' settlement monies would earn 6.5% annual interest which GK would pay to Plaintiffs.

16.     At the mediation, Girardi and Finnerty also only gave Plaintiffs signature pages to sign and did not give Plaintiffs a copy of the settlement agreement.  Further, although Girardi said Kathleen was a co-trustee, she never saw a trust instrument and never had access to the settlement funds, or any accounting of the funds.

17.     Girardi and Finnerty concealed the settlement amount because they both knew GK would ultimately use Plaintiffs' settlement monies for improper and unlawful purposes without Plaintiffs' consent.

**C. GK receives a $28 settlement million wire from PG&E and Girardi and Dinardo cause the DiNardo Law Firm to receive  $6,325,000 of Plaintiffs' Settlement Monies**

18.     On January 24, 2013, unbeknownst to Plaintiffs, PG&E wired $28,000,000 of the Ruigomez settlement to the GK client trust account.

19.     On February 12, 2013, also unbeknownst to Plaintiffs, Girardi made a $5,825,000 check, from Plaintiffs' settlement monies in the GK client trust account, payable to defendant Dinardo Law Firm for "Assoc Counsel Fees."  Plaintiffs never retained the Dinardo Law Firm, nor did they allow GK to share any contingency fees earned in their case with the Dinardo Law Firm or Dinardo.  Further, Dinardo has never been licensed attorney in California.

20.     In fact, Plaintiffs did not know of the Dinardo Law Firm or of the $5,825,000 transfer until they received a copy of the GK Case Card Register for Plaintiffs' account in late October 2019 from their state court attorneys Abir, Cohen Treyzon and Salo LLP ("**ACTS**").

21.     On May 20, 2013, further unknown to Plaintiffs, Girardi made a $500,000 check, from Plaintiffs' settlement monies in the GK client trust account, payable to defendant Dinardo Law Firm for "Assoc Counsel Fees."  Again, Plaintiffs never retained the Dinardo Law Firm, nor have they allowed GK to share its contingency fees earned from their case with the Dinardo Law Firm or Dinardo.

22.     Plaintiffs are informed and believe that the Dinardo Law Firm deposited those checks and that the monies were later transferred to Dinardo and/or another of his business entities.

23.     Plaintiffs also did not know of the Dinardo Law Firm or the $500,000 transfer until they received a copy of the GK Case Card Register for Plaintiffs' account in late October 2019 from ACTS.

24.     The Dinardo Law Firm and Dinardo had no right to receive any portion of the $6,325,000.

**D. Girardi, Finnerty, and Dinardo don't send Plaintiffs their settlement monies or their settlement documents and conceal that GK transferred $6,325,000 of Plaintiffs' settlement monies to the Dinardo Law Firm.**

25.     In June 20 and 21, 2013 Girardi letters to Kathleen, Girardi states plaintiffs will get interest payments of "6 ½ % interests [sic]" starting in July," and that "[t]he funds are locked up for a six-month period."  Girardi stated this although Plaintiffs never agreed to Girardi or GK investing their money.  In fact, Plaintiffs did not even know what their case had settled for.

26.     Likewise in a July 31, 2013 letter to Jamie, Girardi states "I wanted you to know that I felt very badly not sending your interest check.  We have truly cut a very good

deal which will go for 18 months and maybe longer for you to receive 6 ½ % interests [sic] on your funds." Again, Girardi stated this although Plaintiffs never agreed to Girardi or GK investing their money.

27.    On August 4, 2014 Girardi sent Kathleen an email stating "I think it is more prudent to pay Joseph on a monthly basis. That was an agreement I had with the court when we settled the case. This is strictly for his protection."

28.    By August 4, 2014, over a year after the settlement, Plaintiffs still had not received the settlement documents so they sent a letter to Girardi and Finnerty stating "we still have not received copies of any of our settlement documents or a complete accounting of the settlement, including the documents we all signed the date you settled our case. We requested these documents in the past …" and Plaintiffs listed their requested documents of: (i) Settlement Agreement, (ii) Complete Accounting of Settlement & Client Trust Account, (iii) Complete Report of Case Cost, (iv) Annuity Agreement, (v) Annuity Application, (vi) Annuity Policy, and (vii) Copy of Expert Reports and Settlement Video (the "**Client Documents**"). Nevertheless, no one at GK sent Plaintiffs the Client Documents.

29.    On October 21, 2014, Girardi sent Joseph a letter stating "Justice Panelli watches over this case. He always has concerns about a young man receiving so much money and wants to make sure that it doesn't end up causing him harm. Justice Panelli agreed we can pay this distribution …."

30.    On October 30, 2014, Finnerty sent Plaintiff forms entitled Consent to Settle and Authorization to Make Disbursements (**"Consent to Settle"**) and asking that Plaintiffs "agree to the settlement and disbursements." Plaintiffs were surprised to see the Consents to Settle because they understood they settled their case at the mediation. Finnerty also listed "Net to JOSEPH RUIGOMEZ $9,931,066.97," but did not include any of the Client Documents. To Plaintiffs, this document made it appear that Plaintiffs' monies were currently being held in the GK client trust account.

31.    On February 23, 2015, Girardi sent Kathleen a letter with a check stating the

"firm will pay the tax on this investment. I hope this makes you happy. The issue with your young son is a little more complicated. We will discuss the matter with Justice Panelli. He is very concerned to make sure that this young man is protected."

32.     By April 29, 2015, Joseph had not received the $9,931,066.97 or any interest payments so he emailed Girardi and Finnerty to let them know he received no monthly interest checks for this year.

33.     Notwithstanding that two years had passed since Plaintiffs' settlement, and that that Plaintiffs had not been paid their million dollar settlement and were owed thousands of dollars in interest, Girardi and Finnerty never said to Plaintiffs that GK does not have Plaintiffs' money in the client trust account. Finnerty also never told Plaintiffs that they may have claims against GK and/or Girardi for failure to pay their settlement monies and earned interest.

34.     From 2016 to 2019, GK continued to make intermittent interest payments to Plaintiffs, but their settlement monies and all earned interest were never paid. Plaintiffs simply trusted Girardi and Finnerty that everything was okay. And why shouldn't they have as GK had a stellar reputation and California attorneys owe a duty of loyalty and a fiduciary duty to the clients.

### E. Plaintiffs demand their settlement monies.

35.     Nevertheless, after about six years, Plaintiffs could take it no longer so on April 30, 2019, Joseph emailed Girardi and Finnerty to demand all of Plaintiffs' money stating he is owed $14,094,312.61, Kathleen $997,867.12 and Jamie $251,087.85 and to please wire transfer the funds to Merrill Lynch by Friday May 3, 2019.

36.     In a May 2, 2019 email to GK, Joseph further requested all of Plaintiffs' monies held in the client trust account of $13,944,312.61 and that the funds be wired to him by May 3, 2019.

37.     In response, GK partner David Lira said "I do not know the terms of your settlements/agreements having never worked on your case. Prior to this past Friday (April

26, 2019), I was unaware any money was owed to you.  Bob Finnerty provided some vague details which I immediately gave to Tom [Girardi], whom I understand called you. Let it known [sic] that I do not own this law practice, am not a partner nor control of bank accounts.  As such, I do not have access to any accounting or your settlement documents."

38.     Kathleen knew GK independent contractor Kimberly Archie ("**Archie**"), and she was a client as GK was handling her son's wrongful death case, so she then asked Archie to see if she could speak to Girardi about paying Plaintiffs their settlement monies.

39.     On May 26, 2019, Archie met with Girardi and he agreed to wire $5 million to the Ruigomezes the next day and another $5 million in July 2019.  The next day Girardi caused $5 million to be wired to Joseph's Merrill Lynch account.

40.     In mid June 2019, Plaintiffs met with Boris Treyzon, a partner at ACTS, regarding possible representation against Girardi and GK..

41.     On June 21, 2019, Plaintiffs retained ACTS to represent them against GK and Girardi to recover the unpaid paid portion of their settlement.

42.     On June 26, 2019, ACTS filed a complaint against GK and Girardi on behalf of Plaintiffs' to recover their settlement.

43.     In late October 2019, ACTS received documents from Girardi and GK. Those documents contained a Case Card Register which showed the Plaintiffs for the first time that on February 12, 2013 $5,825,000 and May 20, 2013 $500,000 were transferred from the GK attorney client trust account to The Dinardo Law Firm.

**FIRST CAUSE OF ACTION**

**CONVERSION**

(Against All Defendants)

44.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 43 inclusive, of this Complaint, and by this reference incorporate them herein as though set forth in full.

45.     Plaintiffs own and have a right to the $6,325,000 because it was their

settlement money in the GK client trust account.

46.     Dinardo caused the $6,325,000 to be transferred to The Dinardo Law Firm when The Dinardo Law Firm and Dinardo had no right to any portion of the $6,325,000.

47.     As a result of defendants conversion, Plaintiffs have been damaged in the amount of $6,325,000 plus interest.

48.     Defendants conduct in converting the $6,325,000 was despicable which was carried out in willful disregard for Plaintiffs' rights and thus Plaintiffs are entitled to punitive damages.

## SECOND CAUSE OF ACTION

## RECEIPT OF STOLEN PROPERTY (Cal. Penal Code § 496(c))

### (Against All Defendants)

49.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 43, inclusive, of this Complaint, and by this reference incorporate them herein as though set forth in full.

50.     Dinardo and the Dinardo Law Firm stole $6,325,000 from Plaintiffs settlement funds from the GK client trust account in violation of California Penal Code ("PC") 484(a)[2]

51.     PC § 496(c) "'covers a spectrum of impermissible activity relating to stolen property, the elements required to show a violation of [that section] are simply that (i) the property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property.'" *Siry Investments, L.P. v Farkhondehpour*, (2022) 13 Cal.5th 333,

---

[2] "The first sentence of section [PC] 484, subdivision (a) states: 'Every person who shall feloniously steal, take, carry, lead or drive away the personal property of another, or who shall fraudulently appropriate the property which as been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property, or obtains the labor or service of another, is guilty of theft.'"

354-355.

52.     The $6,325,000 of Plaintiffs' settlement monies was stolen from the GK client trust account because they were held in trust for Plaintiffs in the GK client trust account and control of the $6,325,000 and could not be transferred to any party without Plaintiffs' written consent.

53.     Dinardo and the Dinardo Law Firm knew the funds were stolen because they instructed Girardi to send the monies from the GK client trust account and when they received the checks each stated it was from the GK client trust account and not the GK general account.  Additionally, Dinardo who is a New York attorney knew and knows that monies in a law firm's client trust account do not belong to the law firm.

54.     The Dinardo Law Firm received the $6,325,000 and Dinardo had possession of the monies because he is and was the principal at the Dinardo Law Firm and thus had authority to disburse the funds as he wished.

55.     Plaintiffs have been damaged in the amount of $6,325,000 and pursuant to PC § 496(c) are entitled to treble damages, reasonable attorneys' fees and costs of suit.

56.     Additionally, Defendants' conduct in converting the $6,325,000 was despicable conduct which was carried out in willful disregard for Plaintiffs' rights and thus Plaintiffs are entitled to punitive damages.

## THIRD CAUSE OF ACTION
## AIDING AND ABETTING CONCEALMENT OF STOLEN PROPERTY
### PC § 496(c)
(Against All Defendants)

57.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 56, inclusive, of this Complaint, and by this reference incorporate them herein as though set forth in full.

58.     Girardi and GK embezzled $6,325,000 of Plaintiffs' settlement funds from the GK client trust account in violation of PC § 484(a).

59.     Dinardo and The Dinardo Law Firm each aided Girardi and GK in concealing and withholding the settlement funds from Plaintiffs.

60.     At the time Dinardo and The Dinardo Law Firm aided Girardi and GK they both knew that Girardi and GK had embezzled the money and that their actions were wrongful.

61.     Plaintiffs were injured by Dinardo and The Dinardo Law Firm's assistance to Girardi and GK in concealing and withholding Plaintiffs' settlement funds.

62.     Pursuant to PC § 496(c), Plaintiffs are entitled to $6,325,000 and treble damages and reasonable attorneys fees.

## **FOURTH CAUSE OF ACTION**

## **UNFAIR BUSINESS PRACTICES B & P § 17200**

### (Against All Defendants)

63.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 62, inclusive, of this Complaint, and by this reference incorporate them herein as though set forth in full.

64.     Business and Professions Code ("**BP**") section 17200 prohibits unfair and unlawful business practices and provides for restitution to any person who has lost money or property as a result of such practices.

65.     It is unlawful to embezzle, steal and/or convert another person's money.

66.     The Dinardo Law Firm unlawfully and unfairly received $6,325,000 of Plaintiffs' settlement money from the GK client trust account.

67.     Plaintiffs are entitled to restitution of $6,325,000 and the disgorgement from The Dinardo Law Firm and Dinardo of any profits that the Dinardo Law Firm and/or Dinardo earned on the $6,325,000.

///

///

///

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

(Against All Defendants)

68.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 43, inclusive, of this Complaint, and by this reference incorporate them herein as though set forth in full.

69.    The elements of an unjust enrichment claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another.

70.    The Dinardo Law Firm and Dinardo received the $6,325,000 of Plaintiffs' settlement monies which prevented plaintiffs from receiving all of their settlement monies from GK, so Plaintiffs have been damaged by defendants in the amount of $6,325,000.

WHEREFORE, Plaintiffs prays for judgment against defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION:**

1.  For damages in an amount no less than $6,325,000;
2.  For interest from the time of the conversion to the entry of judgment as permitted by law;
3.  For interest at the legal rate from the date of entry of the judgment until paid in full;
4.  For punitive damages;
5.  For costs of suit incurred herein; and
6.  For such other and further relief the court may deem just and proper.

**SECOND CAUSE OF ACTION:**

1.  For damages in an amount no less than $6,235,000;
2.  For treble damages on the $6,235,000 of damages;
3.  For interest from the time of the theft to entry of the judgment as permitted by law;
4.  For interest at the legal rate from the date of entry of the judgment until paid in full;

5. For reasonable attorneys' fees as permitted by law;

6. For costs of suit incurred herein; and

7. For such other and further relief the court may deem just and proper.

## THIRD CAUSE OF ACTION:

1. For treble damages in an amount no less than $6,235,000;

2. For treble damages on the $6,235,000 of damages;

3. For interest from the time of the theft to entry of the judgment as permitted by law;

8. For interest at the legal rate from the date of entry of the judgment until paid in full;

9. For reasonable attorneys' fees as permitted by law;

4. For costs of suit incurred herein; and

5. For such other and further relief the court may deem just and proper.

## FOURTH CAUSE OF ACTION:

1. For restitution of at least $6,325,000;

2. For disgorgement of profits earned on the $6,325,000 or any portion thereof;

3. For interest from the time of the theft to entry of the judgment;

4. For interest at the legal rate from the date of the entry of the judgment until paid in full;

5. For costs of suit herein; and

6. For such other and further relief the court may deem just and proper.

///

///

///

**FIFTHCAUSE OF ACTION:**

1.      For damages of at least $6,325,000;

2.      For interest from the time of receipt of the $6,325,000 to entry of the judgment;

3.      For interest at the legal rate from the date of the entry of the judgment until paid in full;

4.      For costs of suit herein; and

5.      For such other and further relief the court may deem just and proper.


DATED:  September 30, 2022                    FREDMAN LIEBERMAN PEARL LLP


By: _____
     Marc A. Lieberman, Esq.
     Alan W. Forsley, Esq.
     Attorneys for Plaintiffs Joseph Ruigomez,
     Kathleen Ruigomez, Jamie Ruigomez

# EXHIBIT "B"

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Joseph Ruigomez; Kathleen Ruigomez; Jamie Ruigomez | The Dinardo Law Firm, P.C.; Joseph Dinardo; Does 1-20 |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   Erie, New York State |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Mark A. Lieberman, Alan W. Forsley, Fredman Lieberman Pearl LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067 (310) 284-7350 | Jeff Poole, Hamrick & Evans, LLP 2600 West Olive Avenue, Suite 1020, Burbank, CA 91505 (818) 763-5292 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding   ☒ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multidistrict Litigation - Transfer   ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 6,325,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☒ 370 Other Fraud | ☐ 540 Mandamus/Other | **SOCIAL SECURITY** |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 861 HIA (1395ff) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 862 Black Lung (923) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 864 SSID Title XVI |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 865 RSI (405 (g)) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes    [ ] No<br><br>If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [x] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| [ ] Yes   [x] No<br><br>If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| [ ] Yes   [x] No<br><br>If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes   [x] No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E,  below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | [ ] Yes   [x] No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E,  below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes   [x] No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**:  Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**:  Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A.  Arise from the same or a closely related transaction, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A.  Arise from the same or a closely related transaction, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   /s/ Jeff Poole                              DATE:  11/21/2022

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was served upon the Plaintiffs by sending same on the 21st day of November, 2022, to the addresses below, by US mail, postage prepaid:

Joseph Ruigomez
c/o Fredman Lieberman Pearl LLP
1875 Century Park East, Suite 2230
Los Angeles, CA 90067

Kathleen Ruigomez
c/o Fredman Liberman Pearl LLP
1875 Century Park East, Suite 2230
Los Angeles, CA 90067

Jamie Ruigomez
c/o Fredman Liberman Pearl LLP
1875 Century Park East, Suite 2230
Los Angeles, CA 90067

_____
Sara Justice